**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4817**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RASHOD SENTELLE ROBINSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00226-MOC-DSC-1)

———————

Submitted: August 28, 2014      Decided: September 4, 2014

———————

Before MOTZ, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashod Sentelle Robinson was named in a single-count indictment charging him with transportation and aiding and abetting the transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) (2012). After a three-day trial, the jury found Robinson guilty. The district court imposed a below-Guidelines sentence of 180 months' imprisonment. Robinson noted a timely appeal.

Construed in the light most favorable to the Government, United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013), the relevant evidence established the following.

In 2009, James Zajac, an undercover FBI agent, logged into GigaTribe, a publicly available website used for sharing files, such as pictures and movies, from one user's computer hard drive to another "friend" on the network. Zajac logged in as "babydick1725" on a computer at the home where a search warrant was being executed. While posing as "babydick1725," Zajac received a "friend invitation" from another GigaTribe user, known as rr75727. In January 2010, another undercover FBI agent, William Gang, took over the investigation from Zajac. Gang testified that, while logged in as "babydick1725," he saw that rr75727 was connected and was sharing one folder. When Gang looked in the folder, he saw what appeared to be images of child pornography. Gang then downloaded eighteen images and two

videos from rr75727. Gang was able to determine that the IP address used to connect rr75727 to the internet was associated with a Time Warner subscriber in Charlotte, North Carolina -- Robinson's mother, Deborah Straite. Based on this evidence, FBI agents obtained a search warrant for Straite's home.

During the search, agents seized a Gateway laptop from Robinson's bedroom as well as a Toshiba laptop, also belonging to Robinson. The Toshiba laptop contained numerous pictures and movies of child pornography, including the eighteen pictures and two videos that had been downloaded by Agent Gang in January. The laptop also contained chats in the GigaTribe folder, one of which was between rr75727 and babydick1725 on January 6. The Gateway laptop was discovered to contain child pornography as well.

Prior to trial, Robinson moved to exclude images of child pornography other than those named in the indictment. The district court reserved a ruling on Robinson's objection until such time that the Government sought to introduce the evidence at issue. One of the images -- a video -- was one of the two downloaded by Agent Gang but omitted from the indictment. The district court ultimately allowed a portion of the video, concluding that its probative value outweighed its prejudicial effect on the jury.

Also during Robinson's trial, the Government presented the testimony of Kris Kim, a legal assistant from Yahoo! whose responsibilities included providing information for third-party requests, such as subpoenas and search warrants. Kim testified that a Yahoo! email account with the username of rr75727 (rr75727@yahoo.com) was established in July 2007. According to Kim, the last log-in date for that email account was May 26, 2010 (the day the search warrant was executed). On cross-examination, Kim stated it was a colleague, not herself, who had prepared the document depicting the account management page associated with Robinson's account as well as the log-in tracker record.

The jury found Robinson guilty. Although the recommended sentencing range was 262-327 months' imprisonment, the district court departed downward four levels and imposed a 180-month sentence. Robinson appeals.

Robinson raises two issues on appeal. First, citing Crawford v. Washington, 541 U.S. 36, 68 (2004), Robinson claims that the district court committed plain error in allowing Kris Kim to introduce a document which was prepared for trial by someone else. Because Robinson did not object at trial, this claim is reviewed for plain error.

The Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not

4

appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. at 53-54. "A statement must be 'testimonial' to be excludable under the Confrontation Clause." United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008). Routinely kept business records are not testimonial evidence. Crawford, 541 U.S. at 56. See Melendez–Diaz v. Massachusetts, 557 U.S. 305, 324 (2009) (noting that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial").

Here, the Yahoo! records were not prepared for the purpose of "establishing or proving some fact at trial" and, therefore, are not testimonial. See United States v. Cameron, 699 F.3d 621, 641-42 (1st Cir. 2012) (upholding admission of similar Yahoo! account management and log-in tracker records because they were maintained to "serve business functions that [a]re totally unrelated to any trial or law enforcement purpose: namely, to provide reliable data about its customer accounts"). Therefore, the district court did not err -- let alone plainly err -- in allowing the introduction of the Yahoo! records.

Second, Robinson argues that the district court erred in admitting evidence of his possession of images of child pornography that were not identified in the indictment. This court reviews a district court's evidentiary rulings for abuse of discretion. United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011). Rule 404(b) prohibits the use of evidence of an uncharged act to prove a person's character in conformity with such character on a particular occasion, but provides that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Rule 404(b) evidence is admissible only if the court determines it is necessary, reliable, and relevant to some issue other than the defendant's character. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). To be relevant, the evidence must have a tendency to show that any consequential fact is more probable or less probable than it would be without the evidence. United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996). To be necessary, the evidence need only furnish part of the context of the crime. Id.

However, evidence of other bad acts "may be introduced if it concerns acts intrinsic to the alleged crime because evidence of such acts does not fall under Rule 404(b)'s limitations to begin with." United States v. Otuya, 720 F.3d

6

183, 188 (4th Cir. 2013) (internal quotation marks and alteration omitted), cert. denied, 134 S. Ct. 1279 (2014). Moreover, we have held that evidence of other bad acts is intrinsic if "it arose out of the same series of transactions as the charged offense or if it is necessary to complete the story of the crime on trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks and alterations omitted).

The video introduced by the Government that was not identified in the indictment was among the images shared by Robinson and downloaded by Agent Gang. As such, the video was part of the same series of transactions and criminal episode as the other images downloaded that day and, therefore, was "intrinsic" to the crime for which Robinson was charged.

Robinson also challenges the titles of images identified during the testimony of Victor Grose, an FBI forensics examiner. Grose testified that one of the images was named "5YO, spread eagle," and the other "12YOblackboysucks&manplays." According to Grose, the two videos had recently been viewed on Robinson's Toshiba laptop, based on a screen shot of recent documents. The videos themselves were not admitted and Robinson did not object to the introduction of the screen shot or to Grose's identification of the videos by name. Because this evidence was both relevant and

necessary to show that Robinson's laptop had been used recently to view videos suggestive of child pornography, we find that the district court did not err in admitting this testimony.

Accordingly, we affirm Robinson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>